UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 05            680

SHAWANNA BRAVE,

                      Plaintiff,

**COMPLAINT**

-against-

Docket No.:

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER STACEY GULLIKSEN, individually and in her official capacity, POLICE OFFICER MICHAEL SCIRE, individually and in his official capacity, POLICE OFFICER LIEUTENANT LUIS, individually and in his official capacity, POLICE OFFICER JOHN DOE #1, individually and in his official capacity, and POLICE OFFICER JOHN DOE #2, individually and in his official capacity,

DEARIE, J.
POLLAK, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
FEB - 4 2005
BROOKLYN OFFICE

PLAINTIFF DEMANDS TRIAL BY JURY

                      Defendants.
-----------------------------------------------------------------X

Plaintiff, SHAWANNA BRAVE, by her attorney, Stanford J. Bandelli, Esq., as and for this complaint alleges as follows:

### INTRODUCTION

1. This is an action for compensatory and punitive damages for violation of plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and for false arrest, unlawful imprisonment, abuse of process, assault and battery, intentional infliction of emotional distress, and negligent hiring and/or retention of incompetent, unqualified, unfit, and assaultive employees, by reason of the unlawful acts of defendants.

### JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C §1983. Jurisdiction is founded upon 28 U.S.C §1343(3) and (4). Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C §1367. Venue is proper in this district under U.S.C §1391(b) in that all claims arose in this district.

## THE PARTIES

3. At all times hereinafter mentioned, plaintiff Shawanna Brave was and still is a citizen and resident of the United States.

4. At all times hereinafter mentioned, up until and including the date September 1, 2004, plaintiff Shawanna Brave was a citizen and resident of Kings County, and the City and State of New York, residing at 2932 Avenue V, Brooklyn, New York, 11229. Plaintiff presently resides at 13 Martin Luther King Avenue, Morristown, New Jersey 07960.

5. At all times hereinafter mentioned, defendant, The City of New York was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. At all times hereinafter mentioned, New York City Police Department ("NYPD") was and still is an agency and/or department of defendant The City of New York.

7. At all times hereinafter mentioned, defendant Police Officers of the NYPD involved in this case, acted pursuant to, and under the color of, their authority, and in their official capacity as officers of defendant NYPD, and their acts were performed under color of the statutes and ordinances of the City of New York and the State of New York.

2

8. That upon information and belief at all times hereinafter mentioned, Defendant Police Officer Stacey Gulliksen, Shield No. 03169, 61st Precinct, was employed and continues to be employed by Defendants, The City of New York and NYPD.

9. That upon information and belief at all times hereinafter mentioned, Defendant Police Officer Michael Scire, Shield No. 24351, 61st Precinct, was employed and continues to be employed by Defendants, The City of New York and NYPD.

10. That upon information and belief at all times hereinafter mentioned, Defendant Police Officer Lieutenant Luis, Shield No. (Unknown), 61st Precinct, was employed and continues to be employed by Defendants, The City of New York and NYPD.

11. That upon information and belief at all times hereinafter mentioned, Defendant Police Officer, John Doe #1, Shield No. (Unknown), 61st Precinct, was employed and continues to be employed by Defendants, The City of New York and NYPD.

12. That upon information and belief at all times hereinafter mentioned, Defendant Police Officer, John Doe #2, Shield No. (Unknown), 61st Precinct, was employed and continues to be employed by Defendants, The City of New York and NYPD

## NOTICES OF CLAIM UNDER STATE LAW

13. That heretofore and on the 25th day of February, 2004, a Notice of Claim was served upon defendant The City of New York setting forth:

    a. The name and post office address of the Claimant;

    b. The nature of the claim;

    c. The time when, the place where, and the manner in which the claim arose;

    d. The items of damages and injuries sustained so far as practicable.

14. The Notice of Claim was served upon defendant The City of New York within ninety (90) days after plaintiff's several causes of action accrued.

15. More than thirty (30) days have elapsed since the Notice of Claim was served upon the City of New York.

16. The City of New York and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claims of plaintiff herein.

17. That on the 9th day of August, 2004, Plaintiff submitted to an inquiry concerning the justice of her claims as provided by Section 50(h) of the General Municipal Law.

18. This action has been commenced within one year and ninety days after plaintiff's various causes of action have accrued.

19. Plaintiff has duly complied with all of the conditions precedent to the commencement of this cause of action.

## FACTUAL ALLEGATIONS

20. That upon information and belief, on or about December 5, 2003, at approximately 2:45pm, Plaintiff and a friend, Frances Harvey, were stopped by Defendant Police Officer Lieutenant Luis in front of 3573 Nostrand Avenue, Brooklyn, New York, a public area, and instructed to proceed across the street.

21. That upon information and belief, shortly after having been directed by Defendant Police Officer Lieutenant Luis to proceed, Plaintiff was grabbed by Defendant Police Officer Michael Sciro and Defendant Police Officer John Doe #1, thrown to the ground, handcuffed, hands behind her back, lifted from the ground and placed in the rear of a patrol car.

22. That upon information and belief, while seated in the rear of the patrol car, Plaintiff was grabbed by her hair and her body by Defendant Police Officer Stacey Gulliksen and Police Officer John Doe #2, pulled out of the vehicle and thrown into the rear of a second patrol car.

23. That upon information and belief, Plaintiff was transported to the 61st Precinct where she was placed in a holding cell for approximately nine (9) hours.

24. That upon information and belief, Plaintiff suffered dizzy spells and passed out while confined in the holding cell at the 61st Precinct.

25. That upon information and belief, on or about December 6, 2003, Plaintiff was shackled, handcuffed and transported to Coney Island Hospital, Brooklyn, New York, where she was admitted at approximately 2:40 am, and received medical treatment for physical injuries suffered as a consequence of the actions, above-described, of Defendant Police Officer Stacey Gulliksen, Police Officer Michael Scire, Police Officer Lieutenant Luis, Police Officer John Doe #1 and Police Officer John Doe #2.

26. That upon information and belief, on or about December 6, 2003, at approximately 7:45 am, Plaintiff was shackled, handcuffed and transported to Central Booking at 120 Schermehorn Street, Brooklyn, New York, where she was placed in a holding cell for approximately six (6) hours until being released by the Criminal Court of the State of New York, Part AR 4, at her arraignment on charges of Resisting Arrest and Disorderly Conduct..

27. That upon information and belief, on or about August 23, 2004, the charges brought against Plaintiff by Defendants were dismissed and sealed pursuant to an ACD ordered by the Criminal Court of the State of New York, Part Jury 1, on February 24, 2004.

28. That the actions of the Defendant Police Officers Stacey Gulliksen, Police Officer Michael Scire, Police Officer Lieutenant Luis, Police Officer Joe Doe #1 and Police Officer John Doe #2,

above-described, occurred while in the course and scope of their employment with the Defendants, New York City Police Department and The City of New York, and while acting under the authority of the Defendants, New York City Police Department and The City of New York.

29. That as a result of the acts of Defendant Police Officer Stacey Gulliksen, Police Officer Michael Scire, Police Officer Lieutenant Luis, Police Officer Joe Doe #1 and Police Officer John Doe #2, above-described, in assaulting and falsely arresting and imprisoning plaintiff, in using unreasonable and excessive force, in violating plaintiff's civil rights and in the infliction of emotional distress, plaintiff suffered serious physical injuries including, but not limited to, a fractured left wrist, bruises, contusions and lacerations about the head, arms, legs and body and sustained emotional injuries including degradation, humiliation, and loss of reputation and esteem. Plaintiff continues to suffer severe physical pain, discomfort and disability, as well as severe emotional and psychological distress as a result of the above-described conduct of Defendants.

30. Defendant The City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including plaintiff, in its procedures for supervising and removing when appropriate, unstable and violent police officers from their duties, including but not limited to the fact that defendant The City of New York and/or NYPD knew of defendant Police Officers' tendencies to make unlawful arrests, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

## FOR A FIRST CAUSE OF ACTION

31. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "30" above as if fully set forth herein.

32. As a result of their actions, Defendant Police Officers (Police Officer Stacey Gulliksen, Police Officer Michael Scire, Police Officer Lieutenant Luis, Police Officer Joe Doe #1 and Police Officer John Doe #2), acting under "color of law," deprived plaintiff of her right to be free from the use of excessive and unreasonable force and free from the deprivation of liberty without due process of the law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C §1983.

33. Defendant Police Officer Stacey Gulliksen, Police Officer Michael Scire, Police Officer Lieutenant Luis, Police Officer Joe Doe #1 and Police Officer John Doe #2 subjected plaintiff to these deprivations of her rights either maliciously or by acting with a reckless disregard for whether plaintiff's rights would be violated by their actions.

34. That as a direct, sole and proximate result of the acts of Defendant Police Officer Stacey Gulliksen, Police Officer Michael Scire, Police Officer Lieutenant Luis, Police Officer John Doe #1 and Police Officer John Doe #2, Plaintiff was caused to and did sustain serious, disabling and permanent personal and physical injuries, pain and suffering, humiliation and embarrassment, emotional and mental distress, inconvenience, medical expenses and loss of income, was deprived of her physical liberty and maliciously prosecuted.

## FOR A SECOND CAUSE OF ACTION

35. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" above as if fully set forth herein.

7

36. Defendant The City of New York and Defendant NYPD, through New York City Police Commissioner Kelly, as municipal policymaker, in the hiring, training and supervision of defendant Police Officers (Police Officer Stacey Gulliksen, Police Officer Michael Scire, Police Officer Lieutenant Luis, Police Officer Joe Doe #1 and Police Officer John Doe #2), have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, violating plaintiff's right to freedom from the use of excessive and unreasonable force and freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C §1983.

37. As a direct, sole and proximate result of the aforementioned policy and custom of deliberate indifference of defendants The City of New York and NYPD, defendant Police Officers (Police Officer Stacey Gulliksen, Police Officer Michael Scire, Police Officer Lieutenant Luis, Police Officer Joe Doe #1 and Police Officer John Doe #2) committed the unlawful acts referred to above, and thus, Defendant The City of New York and Defendant NYPD are liable for plaintiff's injuries.

## FOR A THIRD CAUSE OF ACTION

38. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "37" above as if fully set forth herein.

39. At the said time and place, plaintiff, with no just cause or provocation was assaulted and intentionally injured by defendant Police Officers (Police Officer Stacey Gulliksen, Police Officer Michael Scire, Police Officer Lieutenant Luis, Police Officer Joe Doe #1 and Police Officer John Doe #2), acting within the course and scope of their employment, "under the color

of law," and on behalf of their employer, defendant NYPD, and defendant The City of New York.

40. That the actions of the defendant Police Officers (Police Officer Stacey Gulliksen, Police Officer Michael Scire, Police Officer Lieutenant Luis, Police Officer Joe Doe #1 and Police Officer John Doe #2), above-described, constituted an assault and battery in that their acts and conduct consisted in part of the following: intentionally attempting to cause injury to plaintiff; perpetrating a vicious assault and battery against plaintiff by forcibly throwing her to the ground, handcuffing her, throwing her into a patrol car, violently removing her from a patrol car by physically grabbing the hair on her head, her arms and legs, and pulling her out of same; placing plaintiff in handcuffs without reason or cause; using unreasonable, unnecessary and excessive force against plaintiff; exercising unreasonable, unnecessary and excessive force during the course of an investigation; committing an unjustified arrest of plaintiff; carelessly employing the use of force in arresting plaintiff; committing a harmful, offensive and unconsented attack upon plaintiff's person; acting outside the prescribed scope and authority of prescribed powers and duties; unlawfully interfering with plaintiff's right to proceed in a public area; and otherwise using great and threatening force and violence against plaintiff.

41. That as a direct, sole and proximate result of the assault and battery, plaintiff was caused to and did sustain serious, disabling and permanent personal and physical injuries, pain and suffering, humiliation and embarrassment, emotional and mental distress, inconvenience, medical expenses and loss of income, for which all defendants are liable

42. The aforementioned incident and resulting injuries to plaintiff was caused without any fault of plaintiff contributing thereto.

## FOR A FOURTH CAUSE OF ACTION

43. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "42" above as if fully set forth herein.

44. While lawfully in Kings County, New York, plaintiff was arrested without just cause, provocation, probable cause, or any valid reason, by agents, servants, and/or employees of Defendant's The City of New York and NYPD. Defendant Police Officers (Police Officer Stacey Gulliksen, Police Officer Michael Scire, Police Officer Lieutenant Luis, Police Officer Joe Doe #1 and Police Officer John Doe #2) were employed by Defendants The City of New York and NYPD, and were acting within the course and scope of their employment, "under color of law," and on behalf of their employers, Defendants The City of New York and NYPD.

45. As a result of the aforesaid occurrence, plaintiff was caused and did suffer the damages and injuries aforesaid. All defendants are liable for said damages and injuries.

## FOR A FIFTH CAUSE OF ACTION

46. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "45" above as if fully set forth herein.

47. Plaintiff was falsely held and imprisoned by being handcuffed, shackled, detained and confined for approximately twenty-four (24) hours as a result of her false arrest.

48. This false imprisonment was perpetuated against plaintiff by agents, servants and/or other employees of Defendants The City of New York and NYPD, including Defendant Police Officers (Police Officer Stacey Gulliksen, Police Officer Michael Scire, Police Officer Lieutenant Luis, Police Officer Joe Doe #1 and Police Officer John Doe #2). Defendant Police

Officers acted within the course and scope of their employment, "under color of law," and on behalf of their employer, Defendants The City of New York and NYPD.

49. That the acts and conduct constituting false arrest and false imprisonment consisted in part of the following: unlawfully and intentionally detaining and confining Plaintiff against her will and without her consent; unlawfully and intentionally detaining and confining Plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining Plaintiff through the unlawful arrest of Plaintiff; unlawfully detaining and confining Plaintiff through the use of force; unlawfully arresting Plaintiff and placing Plaintiff in handcuffs and shackles without reasonable cause therefore; unlawfully causing Plaintiff to be detained and confined for approximately twenty-four (24) hours and committing such other acts resulting in the unlawful arrest and imprisonment of Plaintiff.

50. That Plaintiff was conscious of the false arrest and imprisonment.

51. That as a direct, sole and proximate result of the false arrest and imprisonment, Plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, disturbance and disruption of life, legal expenses and loss of income. All defendants are liable for said damages and injuries.

## FOR A SIXTH CAUSE OF ACTION

52. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "51" above as if fully set forth herein.

53. In instigating, ordering, validating, procuring and assisting in the arrest of plaintiff, defendant Police Officers (Police Officer Stacey Gulliksen, Police Officer Michael Scire, Police Officer Lieutenant Luis, Police Officer Joe Doe #1 and Police Officer John Doe #2), employed by defendants The City of New York and NYPD and acting within the course and scope of their employment, "under color of law," and on behalf of their employers, defendants The City of New York and NYPD, maliciously prosecuted plaintiff without reasonable or probable cause and with full knowledge that the charges were false.

54. As a result of the aforesaid occurrence, plaintiff was caused and did suffer the damages and injuries aforesaid. All defendants are liable for said damages and injuries.

## FOR A SEVENTH CAUSE OF ACTION

55. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "54" above as if fully set forth herein.

56. Defendant Police Officers (Police Officer Stacey Gulliksen, Police Officer Michael Scire, Police Officer Lieutenant Luis, Police Officer Joe Doe #1 and Police Officer John Doe #2), acting within the course and scope of their employment, "under color of law," and on behalf of their employer, defendants The City of New York and NYPD, intentionally, recklessly, carelessly and/or negligently engaged in extreme and outrageous conduct which caused plaintiff mental and emotional distress, resulting in economic and non-economic damage. Defendants are liable for said non-economic and economic damage.

## FOR AN EIGHTH CAUSE OF ACTION

57. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "56" above as if fully set forth herein.

58. The aforesaid unlawful acts of defendant Police Officers (Police Officer Stacey Gulliksen, Police Officer Michael Scire, Police Officer Lieutenant Luis, Police Officer Joe Doe #1 and Police Officer John Doe #2) was caused solely by the negligence and carelessness of defendants The City of New York and NYPD in employing and retaining brutal, dangerous, troublesome, incompetent and vicious persons who they knew or should have known were a source of danger and menace to the lives and limbs of the person within the City of New York.

59. Defendants The City of New York and NYPD and their agents, servants and/or employees failed to exercise reasonable care in the hiring, training, disciplining, supervising, and retention of defendant Police Officers (Police Officer Stacey Gulliksen, Police Officer Michael Scire, Police Officer Lieutenant Luis, Police Officer Joe Doe #1 and Police Officer John Doe #2).

60. By reason of the foregoing, plaintiff suffered the injuries and damages aforesaid and the defendants The City of New York and NYPD are liable for such injuries and damages.

## FOR A NINTH CAUSE OF ACTION

61. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "60" above as if fully set forth herein.

62. As a result of the foregoing, plaintiff was without just cause or provocation, injured through the negligence and/or gross negligence and/or recklessness of Defendants, individually, and/or vicariously, by and though the agents, servants and/or other employees of Defendants The City of New York and NYPD, including Defendant Police Officers (Police Officer Stacey Gulliksen,

Police Officer Michael Scire, Police Officer Lieutenant Luis, Police Officer Joe Doe #1 and Police Officer John Doe #2). Plaintiff was physically injured, falsely arrested and imprisoned causing severe and serious injury to plaintiff.

63. The occurrence and injuries sustained by Plaintiff, were caused solely by the negligent and/or grossly negligent and/or reckless conduct of the Defendants, individually, and/or vicariously, by and though the agents, servants and/or other employees of Defendants The City of New York and NYPD, including Defendant Police Officers (Police Officer Stacey Gulliksen, Police Officer Michael Scire, Police Officer Lieutenant Luis, Police Officer Joe Doe #1 and Police Officer John Doe #2), in that they failed to exercise the degree of care which would reasonably be required of officers, and officials, under similar circumstances. The actions resulting in the injuries to plaintiff were taken in violation and contradiction of Defendants The City of New York and NYPD policies and procedures. Such actions violated accepted practices, policies and/or procedures of Defendants The City of New York and NYPD.

64. The amount and type of physical force used upon plaintiff by Defendants, individually, and/or vicariously, by and though the agents, servants and/or other employees of Defendants The City of New York and NYPD, including Defendant Police Officers (Police Officer Stacey Gulliksen, Police Officer Michael Scire, Police Officer Lieutenant Luis, Police Officer Joe Doe #1 and Police Officer John Doe #2), was excessive, unnecessary, improper, not reasonably justified and negligently, and/or grossly negligently, and/or recklessly applied.

65. By reason of the foregoing, plaintiff suffered the injuries and damages aforesaid and the Defendants The City of New York and NYPD, and Defendant Police Officers (Police Officer Stacey Gulliksen, Police Officer Michael Scire, Police Officer Lieutenant Luis, Police Officer Joe Doe #1 and Police Officer John Doe #2), are liable for such injuries and damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment as follows:

1. Enter a judgment that defendants, by their actions, violated plaintiff's rights under state law, and under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States;

2. Enter a judgment, jointly and severally, against defendants, The City of New York, the New York City Police Department, Police Officer Stacey Gulliksen, Police Officer Michael Scire, Police Officer Lieutenant Luis, Police Officer Joe Doe #1 and Police Officer John Doe #2 for compensatory damages in the amount of ONE MILLION DOLLARS ($1,000,000.00);

3. Enter a judgment, jointly and severally against defendants The City of New York, the New York City Police Department, Police Officer Stacey Gulliksen, Police Officer Michael Scire, Police Officer Lieutenant Luis, Police Officer Joe Doe #1 and Police Officer John Doe #2 for punitive damages in the amount of FIVE MILLION DOLLARS ($5,000,000.00); and

4. Enter an Order:

   a. Awarding plaintiff reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. §1988;

   b. Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated:     Brooklyn, New York
           February 4, 2005

                                            _____
                                            Stanford J. Bandelli, Esq. (SJB3884)
                                            Attorney for Plaintiff

15

1611 Voorhies Avenue
Brooklyn, New York 11235

## VERIFICATION

STATE OF NEW YORK   )
                    : ss.:
COUNTY OF KINGS     )

    Shawanna Brave being duly sworn, deposes and says: I am the plaintiff in the within action. I have read the foregoing complaint and know the contents thereof. I declare that the complaint is true and accurate to the best of my knowledge and belief and further declare that the contents and claims therein are not frivolous.

_____
SHAWANNA BRAVE
Plaintiff

Sworn to before me this
4th day of February, 2005

_____
Notary Public

STANFORD J. BANDELLI
Notary Public State Of New York
No.02BA6052508
Qualified In Kings County
Commission Expires 12/18/2006

17